ALVIN B. SPENCER, Guardian of ROSCOE L. WENTWORTH,

*vs.*

LYDIA CHICK and another.

York. Opinion July 30, 1884.

*Wills. Life-estate. Tenants in common. Partition.*

A testator made the following disposition of his real estate in his will: "I give and devise to my said beloved wife, for and during the term of her natural life my homestead farm, upon which I now live and my other real estate in said Berwick. . . I give and bequeath to my son Edward Wentworth and my daughter Lydia Chick, wife of John Chick, equally, all the personal and real estate that I have above bequeathed and devised to my beloved wife, after her decease, during the natural lives of my son Edward Wentworth and my daughter Lydia Chick, and, after the decease of the said Edward and Lydia, all the above property is to descend to my two grandsons, Timothy Wentworth and George E. Chick, children of said Edward Wentworth and Lydia Chick, during the natural lives of the said Timothy and George E. and then descend to their heirs or legal representatives." *Held*, that the effect of the will was to vest a life-estate in the testator's widow; then a life-estate in his two children, Edward Wentworth and Lydia Chick; then a life-estate in their two children, Timothy Wentworth and George E. Chick; then a fee simple in their heirs; and that the son and only heir of Timothy took an estate in fee simple, and as a tenant in common of

one-half of the real estate, which no conveyance made by the owner of any preceding life-estate could defeat, and was entitled to have it set out to him in severalty on petition for partition by his guardian.

On REPORT on agreed statement of facts.

Petition for partition.

All parties claim their title directly or by mesne conveyances under the will of Timothy Wentworth, the material portion of which is recited in the head note.

Timothy Wentworth, the testator, his widow and his son Edward all died prior to January 1, 1865. Timothy Wentworth, the grandson, died Febuary 2, 1876, leaving a widow and one child, Roscoe L. Wentworth, born in January, 1870, whose guardian is the petitioner.

The respondents are Lydia Chick who is in possession of a part of the demanded premises and George E. Chick who is in possession of the remainder of the demanded premises.

In March, 1865, Timothy, the father of Roscoe L. conveyed by quit claim deeds, one to Lydia and one to Lydia and George E. a portion of the first piece described in the petition, and in October, 1869, he conveyed by quit claim deed the second piece described in the petition to George E.

*Wells* and *Burleigh*, for the plaintiff, cited : *Wood* v. *Little*, 35 Maine, 107 ; *Bigelow* v. *Littlefield*, 52 Maine, 24 ; R. S., 1871, c. 73, §§ 6, 7 ; *Hamilton* v. *Wentworth*, 58 Maine, 101 ; 2 Bl. Com. 180 ; *Miller* v. *Miller*, 16 Mass. 59 ; *Burghardt* v. *Turner*, 12 Pick. 534 ; 1 Wash. Real Prop. * 408, § 9.

*Rufus W. Nason*, for Lydia Chick.

*William J. Copeland*, for George E. Chick.

The ward of the petitioner has neither seizin nor right of entry. R. S., c. 88, § 1. *Baylies* v. *Bussey*, 5 Maine, 152. R. S., c. 73, § 7, does not abolish joint tenancies. Estates are still joint tenancies when so expressed. It is not necessary that the word "joint" be used in expressing the tenancy. *Shaw* v. *Hearsey*, 5 Mass. 521 ; *Fox* v. *Fletcher*, 8 Mass 274 ; *Appleton* v. *Boyd*, 7 Mass. 131 ; 12 Mass. 279.

The devise to Edward and Lydia was a joint one—expressed by the word "equally"—it ended with the life of the survivor. If a joint estate every word in the devise has its full and natural meaning. The reversion was given to George and Timothy jointly. If Edward and Lydia were tenants in common then the estate of George might commence at the death of one and the estate of Timothy at the death of the other; but if joint tenants then the estates of George and Timothy would commence at the same time—the death of the survivor—that accords with the language of the devise.

A fee simple was given to George and Timothy. The remainder over was void for remoteness. The remainder to their heirs or legal representatives gives George and Timothy the power of disposing the remainder. The words "legal representatives" mean something. They mean devisees or grantees. In this case they mean George as the grantee of Timothy, and the deed bars any claim of the plaintiff's ward now or hereafter.

WALTON, J. Undoubtedly the petitioner is the owner in common of one half of the real estate described in his petition and entitled to the partition prayed for. The effect of Timothy Wentworth's will was to vest a life estate in his widow; then a life estate in his two children, Edward Wentworth and Lydia Chick; then a life estate in their two children, Timothy Wentworth and George E. Chick; then a fee simple estate in their heirs; and the widow, and Edward Wentworth, and Timothy Wentworth (grandson of the testator), being dead, the petitioner, (being the son and only heir of Timothy, the grandson of the testator), takes an estate in fee simple, and as a tenant in common, of one half of the real estate so devised by his great grandfather, and is entitled to have it set out to him in severalty, as prayed for in his petition.

The will of Timothy Wentworth did not create joint estates in the devisees; it created estates in common. "Conveyances not in mortgage, and devises of land to two or more persons, create estates in common, unless otherwise expressed." R. S., c.

73, § 7. It is not otherwise expressed in the will of Timothy Wentworth. There is no word or phrase in it which can by any possibility be construed as expressing an intention that the devisees should take as joint tenants. Consequently, they take as tenants in common; and upon the death of one of these tenants in common, his estate passes on to his successor.

Nor did the will create estates tail, which could be barred by conveyances made by the owners of the life estates. A life estate and an estate tail are different things. An estate tail is one which is limited to the heirs of the donor's body; that is, to his children and his children's children, and so on, in a direct line, indefinitely. A devise to one for life and to his heirs generally, does not create an estate tail. And the owner of the life estate can not by a conveyance bar the estate of the heir. He can convey no greater estate than that which he owns; namely, an estate which will continue so long as he lives, and no longer. Consequently, the conveyances made by the petitioner's father did not defeat the estate of the petitioner. He takes under his great grandfather's will an estate in fee simple, which no conveyance made by the owner of any of the preceding life estates could defeat. 1 Wash. Real Prop. c. 4, §§ 22, 24; R. S., c. 73, §§ 5, 6; 1 Wash. Real Prop. c. 5, § 18, and cases cited in note 5.

*Partition ordered as prayed for.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.